

**Your Missouri Courts**

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess **Logoff KEVIN_FRITZ**

**20SL-CC03262 - LISA L DAVIS V ARNOLD Q JONES ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ○ Descending   ● Ascending          Display Options: All Entries

---

**06/12/2020**  ☐ **Judge Assigned**
DIV 21

☐ **Pet Filed in Circuit Ct**
Petition.

☐ **Motion Special Process Server**
Request for Appointment of Process Server.
   **Filed By:** TODD R NISSENHOLTZ
   **On Behalf Of:** LISA LANETTE DAVIS

☐ **Confid Filing Info Sheet Filed**
   **Filed By:** TODD R NISSENHOLTZ

**06/24/2020**  ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-5640, for WERNER ENTERPRISES, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-540, for JONES, ARNOLD Q..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

---

Case.net Version 5.14.0.17          Return to Top of Page          Released 11/25/2019

EXHIBIT 1

**20SL-CC03262**

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LISA L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ARNOLD Q. JONES, III, | ) | |
| Serve at:      1206 Madison St | ) | |
|                    Charleston, WV 25302-1225 | ) | Cause No: |
| | ) | |
| and | ) | Division: |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| Serve:      Corporate Creations Network Inc. | ) | |
|                  12747 Olive Blvd. #300 | ) | |
|                  Saint Louis, MO 63141 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW Plaintiff Lisa L. Davis, and for her cause of action against Defendants

Arnold Q. Jones, III and Werner Enterprises, Inc., states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.       Plaintiff Lisa L. Davis ("Plaintiff"), at all relevant times, was an individual

resident and citizen of the State of Missouri.

2.       Defendant Arnold Q. Jones, III ("Defendant Jones"), at all relevant times, was an

individual operating a motor vehicle on the roads of the State of Missouri.

3.       Defendant Werner Enterprises, Inc. ("Defendant WEI"), at all relevant times, was

a corporation registered to do business in the State of Missouri, with a registered agent located in

the State of Missouri for purposes of accepting services, which was doing business in the State of

Missouri, specifically including, as alleged in greater detail below, the business out of which

arose the specific tortious acts at issue in this action.

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

4.      The Court has jurisdiction over this matter because each of the defendants committed the specific tort alleged herein in the State of Missouri in connection with operating a motor vehicle on the roads of the State of Missouri.

5.      Venue is appropriate in this Court because this petition states a cause of action sounding in tort and Plaintiff was first injured in St. Louis County, Missouri, as more fully alleged below.

6.      On or about July 2, 2018, Plaintiff was operating her vehicle in a westerly direction on Interstate 270, at or near its intersection with St. Charles Rock Road, both well-traveled roads located in St. Louis County, Missouri.

7.      At said date and time, Defendant Jones was also operating his motor vehicle in a westerly direction on Interstate 270, at or near its intersection with St. Charles Rock Road.

8.      Upon information and belief, at said date and time, Defendant Jones was an employee and/or agent of Defendant WEI and Defendant Jones was operating his motor vehicle within the scope and course of his employment and/or agency with Defendant WEI.

9.      At said date and time, Defendant Jones' vehicle improperly changed lanes before colliding with the driver's side of Plaintiff's vehicle, causing Plaintiff's vehicle to then collide with a guardrail.

## COUNT I
### (NEGLIGENCE AGAINST DEFENDANT WEI)

10.     Plaintiff incorporates the allegations stated in paragraphs 1 through 9 as if fully restated in this paragraph.

11.     Defendant WEI, by and through its employee and/or agent Defendant Jones, owed a duty to Plaintiff to operate its motor vehicle in conformity with all applicable traffic laws, rules and regulations, and otherwise with the highest degree of care.

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

12.     Defendant WEI, by and through its employee and/or agent Defendant Jones, breached its duties and was careless and negligent in one or more of the following respects:

    a.     Defendant WEI failed to use the highest degree of care to keep a careful lookout to see and discover the motor vehicle operated by Plaintiff, prior to changing lanes;

    b.     Defendant WEI negligently and carelessly operated its motor vehicle at a rate of speed that was high, excessive, dangerous and not reasonably safe under the circumstances then and there existing;

    c.     Defendant WEI negligently and carelessly failed to use its indicator lights or to give any other sound or warning of the approach, movement and proximity of its vehicle, prior to changing lanes and/or prior to the collision;

    d.     Defendant WEI negligently and carelessly failed to stop, slacken speed, turn, or swerve its motor vehicle to avoid the collision, despite the fact that Defendant could have done so under the circumstances; and/or

    e.     Defendant WEI otherwise changed lanes when it was not safe to do so and thereby caused its motor vehicle to collide with Plaintiff's motor vehicle.

13.     As a direct and proximate result of the carelessness and negligence of Defendant WEI, Defendant WEI's vehicle collided with Plaintiff's vehicle, causing Plaintiff's body to jar, jerk, and jolt in such an unusual, unexpected, violent and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

14.     As a direct result and proximate result of the negligence and carelessness of Defendant WEI:

    a.     Plaintiff sustained serious and permanent personal injuries to her head, neck, and back that required, require and will in the future continue to require medical care and treatment because her injuries, effects and the results thereof are permanent and progressive;

    b.     Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

    c.     Plaintiff's body has been physically impaired and diminished and, in the future, will continue to be physically impaired and diminished;

    d.     Plaintiff has suffered and will, in the future, continue to suffer a loss of

3

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

capacity to enjoy life due to her injuries and physical impairments;

e.   Plaintiff's ability to work and to labor have been, are and will in the future continue to be impaired and diminished, which has resulted and will continue to result in lost wages and/or income; and

f.   Plaintiff has incurred medical expenses for medicines, medical institutions, doctors, prescriptions and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff Lisa L. Davis prays for a judgment in her favor and against Defendant Werner Enterprises, Inc. in a fair and reasonable sum in excess of $25,000.00, together with court costs and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT II
## (NEGLIGENCE AGAINST DEFENDANT JONES)

15.   Plaintiff incorporates the allegations stated in paragraphs 1 through 14 as if fully restated in this paragraph.

16.   At the time of the collision described above, Defendant Jones owed a duty to Plaintiff to operate his motor vehicle in conformity with all applicable traffic laws, rules and regulations, and otherwise with the highest degree of care.

17.   Defendant Jones breached his duties and was careless and negligent in one or more of the following respects:

a.   Defendant Jones failed to use the highest degree of care to keep a careful lookout to see and discover the motor vehicle operated by Plaintiff, prior to changing lanes;

b.   Defendant Jones negligently and carelessly operated its motor vehicle at a rate of speed that was high, excessive, dangerous and not reasonably safe under the circumstances then and there existing;

c.   Defendant Jones negligently and carelessly failed to use its indicator lights or to give any other sound or warning of the approach, movement and proximity of its vehicle, prior to changing lanes and/or prior to the

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

collision;

d.    Defendant Jones negligently and carelessly failed to stop, slacken speed, turn, or swerve its motor vehicle to avoid the collision, despite the fact that Defendant could have done so under the circumstances; and/or

e.    Defendant Jones otherwise changed lanes when it was not safe to do so and thereby caused its motor vehicle to collide with Plaintiff's motor vehicle.

18.    As a direct and proximate result of the carelessness and negligence of Defendant Jones, Defendant Jones's vehicle collided with Plaintiff's vehicle, causing Plaintiff's body to jar, jerk, and jolt in such an unusual, unexpected, violent and extraordinary manner that Plaintiff was thrown in and about her motor vehicle, resulting in physical injuries.

19.    As a direct result and proximate result of the negligence and carelessness of Defendant Jones:

a.    Plaintiff sustained serious and permanent personal injuries to her head, neck, and back that required, require and will in the future continue to require medical care and treatment because her injuries, effects and the results thereof are permanent and progressive;

b.    Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

c.    Plaintiff's body has been physically impaired and diminished and, in the future, will continue to be physically impaired and diminished;

d.    Plaintiff has suffered and will, in the future, continue to suffer a loss of capacity to enjoy life due to her injuries and physical impairments;

e.    Plaintiff's ability to work and to labor have been, are and will in the future continue to be impaired and diminished, which has resulted and will continue to result in lost wages and/or income; and

f.    Plaintiff has incurred medical expenses for medicines, medical institutions, doctors, prescriptions and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff Lisa L. Davis prays for a judgment in her favor and against Defendant Arnold Q. Jones, III in a fair and reasonable sum in excess of $25,000.00, together

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

with court costs and post-judgment interest at the statutory rate, and for such other and further

relief as the Court deems just and proper based on the above-stated facts.

COFMAN TOWNSLEY, LLP

By:   */s/ Todd R. Nissenholtz*
      Todd R. Nissenholtz  #55049
      200 S. Hanley Road, Suite 1070
      St. Louis, Missouri 63105
      314.621.2005
      314.621.3118 (facsimile)
      tn@cofmantownsley.com

      *Attorneys for Plaintiff*

**20SL-CC03262**

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

__LISA L. DAVIS_____
Plaintiff/Petitioner

vs.

__ARNOLD Q. JONES, III and WERNER ENTERPRISES, INC.__
Defendant/Respondent

___June 12, 2020_____
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __LISA L. DAVIS_____, pursuant
                                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Mark Smith at Markell & Associates, 2300 W. PORT PLAZA DR, #202, ST. LOUIS, MO 63146_____   (314) 469-5555
Name of Process Server                           Address                                                              Telephone

_Lisa Turley at Legal Investigative Services, Inc., P.O. Box 5041 Charleston, West Virginia 25361_____   (304) 541-4828
Name of Process Server                           Address or in the Alternative                                Telephone

_____
Name of Process Server                           Address or in the Alternative                                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
__WERNER ENTERPRISES, INC. c/o Corporate Creations Network Inc.__
Name
__12747 Olive Blvd. #300_____
Address
__ST. LOUIS, MO 63141_____
City/State/Zip

SERVE:
__ARNOLD Q. JONES, III_____
Name
__1206 Madison St_____
Address
__Charleston, WV 25302-1225_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
          Deputy Clerk

_____
Date

/s/ Todd R. Nissenholtz_____
Signature of Attorney/Plaintiff/Petitioner
_55049_____
Bar No.
_200 S. HANLEY RD, SUITE 1070_____
Address
_(314) 621-2005_____(314) 621-3118__
Phone No.                              Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - June 12, 2020 - 10:20 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

**20SL-CC03262**

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

_LISA L. DAVIS_
Plaintiff/Petitioner

vs.

_ARNOLD Q. JONES, III and WERNER ENTERPRISES, INC._
Defendant/Respondent

_June 12, 2020_
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _LISA L. DAVIS_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Mark Smith at Markell & Associates, 2300 W. PORT PLAZA DR, #202, ST. LOUIS, MO 63146_     (314) 469-5555
Name of Process Server                              Address                                      Telephone

_Lisa Turley at Legal Investigative Services, Inc., P.O. Box 5041 Charleston, West Virginia 25361_     (304) 541-4828
Name of Process Server                              Address or in the Alternative                Telephone

_____
Name of Process Server                              Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
_WERNER ENTERPRISES, INC. c/o Corporate Creations Network Inc._
Name
_12747 Olive Blvd. #300_
Address
_ST. LOUIS, MO 63141_
City/State/Zip

SERVE:
_ARNOLD Q. JONES, III_
Name
_1206 Madison St_
Address
_Charleston, WV 25302-1225_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _**/s/Laura Scotece**_____
Deputy Clerk

_06/24/2020_
Date

_/s/ Todd R. Nissenholtz_
Signature of Attorney/Plaintiff/Petitioner
_55049_
Bar No.
_200 S. HANLEY RD, SUITE 1070_
Address
_(314) 621-2005_        _(314) 621-3118_
Phone No.                        Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - June 12, 2020 - 10:20 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  20SL-CC03262 |
|---|---|
| Plaintiff/Petitioner:<br>LISA LANETTE DAVIS | Plaintiff's/Petitioner's Attorney/Address:<br>TODD R NISSENHOLTZ<br>SUITE 1070<br>200 SOUTH HANLEY ROAD<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>ARNOLD Q. JONES  III | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:  ARNOLD Q. JONES III
 **Alias:**

**1206 MADISON ST**
**CHARLESTON, WV  25302-1225**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

 You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
 **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**24-JUN-2020**
**Date**                                  _____ **Clerk**
**Further Information:**
**LES**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   .
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
*(Seal)*   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | **$_____** | |

*See the following page for directions to clerk and to officer making return on service of summons.*

---

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

---

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 20-SMOS-540**      2      **(20SL-CC03262)**                     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

—



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  20SL-CC03262 |
| Plaintiff/Petitioner:<br>LISA LANETTE DAVIS<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TODD R NISSENHOLTZ<br>SUITE 1070<br>200 SOUTH HANLEY ROAD<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>ARNOLD Q. JONES III | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  WERNER ENTERPRISES, INC.**
                       **Alias:**
**C/O CORPORATE CREATIONS NETWOR**
**12747 OLIVE BLVD., #300**
**ST. LOUIS, MO  63141**



**COURT SEAL OF**

**ST. LOUIS COUNTY**

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**24-JUN-2020**
  **Date**

_____
                   **Clerk**

**Further Information:**
  **LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
     Printed Name of Sheriff or Server                         Signature of Sheriff or Server
            **Must be sworn before a notary public if not served by an authorized officer:**

                 Subscribed and sworn to before me on _____ (date).

**(Seal)**       My commission expires: _____   _____
                             Date                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73